**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4432**

---

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

    v.

JEROME TERRELL DAVIS,

         Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence. Donald C. Coggins, Jr., District Judge.  (4:20-cr-00512-DCC-2)

---

Submitted:  March 15, 2024                Decided:  March 27, 2024

---

Before DIAZ, Chief Judge, and THACKER and RICHARDSON, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

**ON BRIEF:**  Howard W. Anderson III, TRULUCK THOMASON LLC, Greenville, South Carolina, for Appellant.  Robert Nicholas Bianchi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Terrell Davis pled guilty, pursuant to a written plea agreement, to Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951, and conspiracy to possess with intent to distribute and distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), 846. The district court sentenced Davis to 300 months' imprisonment followed by three years of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the reasonableness of Davis' sentence. Although notified of his right to do so, Davis has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal pursuant to the appeal waiver in Davis' plea agreement. For the following reasons, we affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appeal waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

2

Our review of the record confirms that Davis knowingly and intelligently waived his right to appeal, and that his challenge to his sentence falls squarely within the scope of the appeal waiver. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope, including the sentencing challenge raised by *Anders* counsel.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Davis' valid appeal waiver. Therefore, although we deny the Government's motion in part, we affirm the remainder of the criminal judgment. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*